NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2589
_____

UNITED STATES OF AMERICA

v.

JOSE LUIS VAZQUEZ,
                    Appellant

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-10-cr-00167-002
(Honorable Sylvia H. Rambo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2013

Before: SCIRICA, HARDIMAN, VAN ANTWERPEN, Circuit Judges

(Filed: June 26, 2013)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

    Jose Luis Vazquez appeals his judgment of sentence for conspiracy to distribute

and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §

846.  Vazquez contends his sentence is procedurally and substantively unreasonable.  We

decline to exercise our jurisdiction to review the merits of Vazquez's appeal because Vazquez knowingly and voluntarily waived his right to appeal and enforcing the appellate waiver in his plea agreement will not work a miscarriage of justice. We will affirm the judgment of the District Court.

I.

On August 11, 2010, Vazquez was charged with various drug offenses arising from his participation in a Pennsylvania-based drug trafficking organization operated by his brother, Fernando Amato. On November 9, 2011, Vazquez entered into a plea agreement with the government in which he agreed to plead guilty to conspiracy to distribute and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Under the plea agreement's appellate waiver provision:

> [Vazquez] knowingly waive[d] the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of United States v. Booker, 125 S. Ct. 738 (2005).

By signing the plea agreement, Vazquez acknowledged that "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it."

At the November 10, 2011 change of plea hearing, the government read the terms of the plea agreement—including the appellate waiver provision—into the record and Vazquez again acknowledged he understood it. The District Court then conducted an extensive Rule 11 colloquy in which it verified Vazquez's understanding of each of the

2

plea agreement's terms. With respect to the appellate waiver provision, the District Court explained:

> There are two types of an appeal that you can take. One is a direct appeal, and you can appeal your conviction or the sentence that is imposed on any constitutional or other grounds. You could appeal an incorrect determination of your sentence, the voluntariness of your plea. The other appeal is what we call a collateral appeal; that is, issues that you can't raise on direct appeal such as competency of counsel.
>
> You have agreed to waive those. That does not mean you still cannot file an appeal. However, the Court of Appeals may not accept it if they determined you voluntarily and intelligently waived your right to appeal.

Vazquez confirmed his understanding of the District Court's explanation of the appellate waiver provision.

At the May 22, 2012 sentencing hearing, the District Court sentenced Vazquez to 72 months' imprisonment. Although the revised presentence report calculated a sentencing guideline range of 135-168 months' imprisonment, the plea agreement capped Vazquez's potential sentence at 108 months' imprisonment. The District Court determined a sentence of 72 months' imprisonment was appropriate because of Vazquez's limited role in the criminal enterprise, his lack of a criminal history, and the sentencing disparity between Vazquez and one of his codefendants that would result under the 108-month maximum set by the plea agreement. However, the District Court rejected Vazquez's request for a sentence of only 60 months' imprisonment, in part, because Vazquez illegally reentered the United States in 1997. Vazquez timely appeals the judgment of sentence.

## II.

3

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  "'We exercise plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his plea agreement.'"  *United States v. Castro*, 704 F.3d 125, 135 (3d Cir. 2013) (quoting *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008)).  "We decline to exercise jurisdiction over the appeal where [1] the issues on appeal fall within the scope of the waiver and [2] the defendant knowingly and voluntarily agreed to the waiver, unless [3] enforcing the waiver would work a miscarriage of justice."  *Id.* (quoting *United States v. Saferstein*, 673 F.3d 237, 242 (3d Cir. 2012)) (some internal quotation marks omitted).

With respect to the scope of the waiver, we analyze the language of the plea agreement using contract law standards.  *Id.* (citing *Goodson*, 544 F.3d at 535 n.3).  "'In view of the government's tremendous bargaining power courts will strictly construe the text [of a plea agreement] against the government when it has drafted the agreement.'"  *Id.* (quoting *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007)).

With respect to whether the waiver was knowing and voluntary, we look to whether the sentencing judge satisfied the requirements of Fed. R. Crim. P. 11(b)(1)(N).  *Id.* (citing *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001)).  Rule 11(b)(1)(N) provides that "[b]efore the court accepts a plea of guilty . . . the court must address the defendant personally in open court.  During this address, the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal . . . ."

Finally, we consider a number of factors in determining whether enforcing the

4

appellate waiver would work a miscarriage of justice. *Castro*, 704 F.3d at 136 (citing *Khattak*, 273 F.3d at 562). These include "the clarity of the error [alleged below], its gravity, its character . . . , the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* (quoting *Khattak*, 273 F.3d at 563) (alteration omitted).

On appeal, Vazquez challenges his sentence as procedurally and substantively unreasonable.[1] Vazquez contends his appeal is not barred by the plea agreement's appellate waiver because enforcing the waiver would work a miscarriage of justice. Vazquez attempts to explain how enforcing the appellate waiver would work a miscarriage of justice by repeating his arguments as to why his sentence is procedurally and substantively unreasonable: "By failing to consider all of the § 3553(a) factors and relying instead upon . . . facts unsupported by the evidence of record, the District Court exercised a miscarriage of justice . . . ."

We decline to exercise jurisdiction over Vazquez's appeal because (1) the issues Vazquez raises on appeal fall within the scope of the appellate waiver, (2) Vazquez knowingly and voluntarily agreed to the waiver, and (3) enforcing the waiver will not work a miscarriage of justice.

First, the issues Vazquez raises on appeal fall within the scope of the appellate waiver. The appellate waiver states that "the defendant knowingly waives the right to appeal any conviction and sentence . . . on any and all grounds set forth in [18 U.S.C. §

---

[1] Because we will enforce Vazquez's appellate waiver, we do not address his arguments on the merits.

3742].” This language captures an appeal that challenges a sentence as procedurally and substantively unreasonable. *See* 18 U.S.C. § 3742(a)(1) (“A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law . . . .”); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006) (explaining that a post-*Booker* appeal based on the unreasonableness of a sentence is an appeal asserting that the sentence was “imposed in violation of law” under 18 U.S.C. § 3742(a)(1)), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

Second, Vazquez knowingly and voluntarily waived his right to appeal. Our review of the record shows that the District Court satisfied the requirements of Rule 11(b)(1)(N) when it personally addressed Vazquez in open court and explained the terms of the plea agreement, placing particular emphasis on the content of the appellate waiver provision. Moreover, the record clearly shows that Vazquez acknowledged his understanding of the terms of the plea agreement at least three times: (1) when he initially signed the plea agreement, (2) when he affirmed the terms read into the record by the government at the change of plea hearing, and (3) when he affirmed the District Court’s detailed explanation of his appellate rights during the Rule 11 colloquy.

Third, enforcing the appellate waiver will not work a miscarriage of justice because the District Court’s alleged errors are not clear and their impact on the defendant is minimal. Although Vazquez faults the District Court for not properly considering all of the sentencing factors laid out in 18 U.S.C. § 3553(a), he concedes that the District Court considered at least three of the sentencing factors. The District Court’s failure to

consider every § 3553(a) sentencing factor to Vazquez's satisfaction is not a clear error. *See Cooper*, 437 F.3d at 329 (explaining that a trial court is not obligated to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing").

Vazquez also faults the District Court for considering his 1997 illegal reentry into the United States. According to Vazquez, his illegal reentry is not supported by the record because "evidence . . . established that [he] is currently in the United States legally and . . . was never prosecuted for the alleged illegal reentry, pursuant to 8 U.S.C. § 1326 or any other applicable statute."[2] However, the revised presentence report clearly indicates that Vazquez illegally reentered the United States sometime in 1997: "Records indicate that [Vazquez] was apprehended on February 22, 1997, and was deported on February 27, 1997. The defendant advised that he re-entered the United States a few weeks later . . . ." Thus, we cannot say that the District Court clearly erred in considering Vazquez's 1997 illegal reentry when it sentenced him to 72 months' imprisonment.

Even if the District Court erred in considering the factors discussed above, the

---

[2] Here, Vazquez points to the character testimony of his father-in-law, who testified that he assisted Vazquez in becoming "legalized," as well as a letter from Vazquez's mother stating that he had "fixed his papers." However, this evidence actually further supports the District Court's finding that Vazquez reentered the country illegally. Vazquez's mother-in-law testified that Vazquez met her daughter, Vazquez's wife, in 1998. Vazquez's father-in-law testified that he "helped to get [Vazquez] legalized." Since Vazquez did not meet his wife until 1998, it was a reasonable inference that Vazquez's father-in-law did not know Vazquez until 1998 as well and thus did not help him become "legalized" until after his 1997 reentry, indicating that the reentry was illegal. *Cf. United States v. Cassiliano*, 137 F.3d 742, 747 (2d Cir. 1998) ("[T]he district court is entitled to rely on . . . all reasonable inferences that may be drawn from all of the evidence" when sentencing).

impact on Vazquez was minimal because he received a sentence well below the 108-month cap set by his plea agreement. Such a result does not constitute a miscarriage of justice.

III.

For the foregoing reasons, we will enforce Vazquez's waiver of his right to appeal and affirm the judgment of the District Court.